UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GREEKTOWN HOLDINGS, LLC, *et al.*,

        Debtors,
_____/

BUCHWALD CAPITAL ADVISORS, LLC,
solely in its capacity as Litigation Trustee for
the Greektown Litigation Trust,

        Plaintiff,

v.

DIMITRIOS ("JIM") PAPAS, VIOLA PAPAS,
TED GATZAROS, MARIA GATZAROS,
BARDEN DEVELOPMENT, INC., LAC VIEUX
DESERT BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS, SAULT STE. MARIE
TRIBE OF CHIPPEWA INDIANS, KEWADIN
CASINOS GAMING AUTHORITY, and
BARDEN NEVADA GAMING, LLC,

        Defendants.
_____/

United States District Court
Case No. 12-cv-12340
Judge Paul D. Borman

Bankr. Case No. 08-53104
Chapter 11
Judge Walter Shapero

Adv. Pro. No. 10-05712

<u>ORDER
(1) GRANTING THE PAPAS AND GATZAROS DEFENDANTS' MOTION FOR LEAVE TO
FILE A REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION (ECF
NO. 30) AND
(2) DENYING THE PAPAS AND GATZAROS DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S AUGUST 9, 2012
ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE TRIBE
DEFENDANTS AND THE TRUSTEES (ECF NO. 17)</u>

        This matter is before the Court on the Papas and Gatzaros Defendants' Motion for

Reconsideration and/or Clarification of the Court's August 9, 2012 Order Approving the Settlement

1

Agreement Between the Tribe Defendants and the Trustees. (ECF No. 17.) At the Court's request, the Tribe Defendants and the Litigation Trustees filed responses to the Motion. (ECF Nos. 26 and 29.) The Papas and Gatzaros Defendants filed a Motion for Leave to File a Reply brief. (ECF No. 30). For the reasons the follow, the Court GRANTS the Papas and Gatzaros Defendants' motion for leave to file a reply brief (ECF No. 30) and DENIES the Papas and Gatzaros Defendants' Motion for Reconsideration (ECF No. 17).

I. **BACKGROUND**

On July 13, 2012, this Court entered an Opinion and Order Granting Corrected Motion for Order Approving Settlement Agreement Between Buchwald Capital Advisors LLC, In Its Capacity as the Litigation Trustee and Distribution Trustee, and Sault Ste. Marie Tribe of the Chippewa Indians and Kewadin Gaming Authority (Bankr. Dkt. No. 3359)). (ECF No. 10.) On July 19, 2012, pursuant to E.D. Mich. L.R. 58.1, the Trustees and the Tribe Defendants submitted a Notice of Proposed Judgment relating to the Court's July 13, 2012 Opinion and Order, including the Claims Bar Order as approved by the Court in its July 13, 2012 Opinion and Order. (ECF No. 12, Notice Pursuant to E.D. Mich. L.R. 58.1 of Proposed Judgment and Entry of Judgment.)

On July 26, 2012, the Papas and Gatzaros Defendants filed a "Limited Objection" to the Notice of Proposed Judgment filed by the Trustees and the Tribe Defendants. (ECF No. 14.) In their "Limited Objection," the Papas and Gatzaros Defendants stated as follows: "The Papas and Gatzaros Defendants' sole objection to the Notice of Entry and Proposed Order attached as Exhibit 1 to the Notice of Entry is for the purpose of requesting that a sentence be included regarding the Tribe's agreement at the June 27, 2012 Hearing to cooperate in discovery with the Papas and Gatzaros Defendants in a manner equivalent to that which the Tribe has agreed to provide the Litigation

2

Trustee as embodied in the Court's Opinion and Order dated July 13, 2012." (ECF No. 14, Limited Objection at 1.) On August 1, 2012, the Trustees and the Tribe Defendants filed a Notice of Consent to Entry of Revised Order Submitted by the Papas and Gatzaros Defendants, agreeing to the Papas and Gatzaros Defendants' proposed revision. (ECF No. 15). The Final Order of Judgment entered by the Court on August 9, 2012, included the sole revision requested by the Papas and Gatzaros Defendants. (ECF No. 16.)

On August 23, 2012, the Papas and Gatzaros Defendants filed a Motion for Reconsideration and/or Clarification of the Court's August 9, 2012 Order. (ECF No. 17.) Notwithstanding that just three weeks earlier the Papas and Gatzaros Defendants had filed their "sole objection" to the proposed Order, the August 23, 2012 motion for reconsideration or clarification argued that "a detailed follow up review of the complex transactional documents initially executed over 12 years ago and amended several times over the years revealed potential future claims under a Guaranty Agreement against the Tribe Defendants." (ECF No. 17, Mot. Recon. 2.)

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich.

3

2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

"Because the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed.R.Civ.P. 59(e)." *Basinger v. CSX Transportation, Inc.*, No. 94-3908, 1996 WL 400182 at *2 (6th Cir. July 16, 1966) (citing *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir.1982)). As with a motion for relief from judgment under Federal Rule of Civil Procedure 59(e), the Court need not consider evidence submitted in support of a motion for reconsideration that was available at the time the movant responded to the underlying motion but that was not presented to the Court. *Basinger*, 1996 WL 400182, at *3 (finding no abuse of discretion where district court declined to consider, on a motion for reconsideration, evidence that was available but not presented at the time the moving party

contested summary judgment). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253 at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence") (citing *Basinger, supra*).

### III. ANALYSIS

In their motion for reconsideration, the Papas and Gatzaros Defendants purport to rely on a Guaranty Agreement that they executed in July, 2000, copies of which presumably they have had in their possession ever since, and which also was among documents produced to them by the Litigation Trust in March, 2011, over a year before this Court received briefing and held a hearing on the Corrected Motion for Approval of the Settlement Agreement between the Tribe Defendants and the Trustee. In their Reply brief, the Papas and Gatzaros Defendants do not dispute these facts and do not allege that they were somehow precluded from bringing to the Court's attention any alleged significance of the Guaranty Agreement in the course of briefing and argument on the Corrected Motion for Approval of the Settlement. Yet, despite having been given the opportunity to present to this Court, both in briefing and in argument, any potential claim that they may have now or in the future against the Tribe Defendants, at no point did the Papas and Gatzaros ever submit to the Court the Guaranty Agreement or even hint that they may have a claim or legal theory of recovery based on the Guaranty Agreement.

Simply put, there is no dispute that the Guaranty Agreement, on which the Papas and Gatzaros Defendants base their motion for reconsideration, is evidence that was available but was not presented to the Court in connection with the Corrected Motion to Approve the Settlement

5

Agreement between the Trustees and the Tribe Defendants and any legal theory based on the Guaranty Agreement should have been raised earlier. *Allen*, 2010 WL 653253, at *1. Even when the Papas and Gatzaros Defendants filed their "limited objection" to the language of the Claims Bar Order as initially approved by the Court, no mention was ever made of the Guaranty Agreement or of any possible claim that might wrongly have been barred by the Court's Order based on the existence of the Guaranty Agreement. The Papas and Gatzaros Defendants have offered no excuse for their failure to previously present this evidence and argument, and the Court declines to consider it now. *Basinger*, 1996 WL 400182 at *3.

## IV. CONCLUSION

Accordingly, the Court DENIES the Papas and Gatzaros Defendants' motion for reconsideration. (ECF No. 17.)

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 9-27-12